[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES OF DEFENDANT MARK C. DURKIN
The plaintiff, Kelly Durkin, has moved to strike the first and second special defenses pleaded by defendant Mark Durkin. The motion to strike is dated December 29, 2000, and the plaintiff filed a request for adjudication on February 16, 2001. The movant having requested oral argument, the court scheduled argument for March 26, 2001. The movant then moved for an extension of time for oral argument because he is no longer represented by the attorney who filed the motion to strike. The movant did not state any date by which he would be represented by counsel who would be prepared to argue the motion. Because the case is scheduled for trial in July, it is necessary to adjudicate this motion so that the pleadings can be closed in time for trial. The court therefore denied the request for a continuance of oral argument and treated the motion as a waiver of oral argument.
In the first special defense challenged in the motion to strike, defendant Mark Durkin pleaded that "Plaintiffs Amended Reasons for Appeal fail to set forth claims upon which relief can be granted." The ground is thus the form of the pleading, not its legal merit. Failure to plead facts is a defect of form which should have been addressed by a request to revise. Practice Book § 10-35. ("Whenever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading. . . the party desiring any such amendment in an adverse party's pleading may file a timely request to review that pleading.")
In his second special defense, defendant Mark Durkin pleaded that paragraphs 2(c) and 2(d) of the plaintiffs amended reasons for appeal "fail to articulate a proper reason for appeal in that each relate (sic) to the alleged statutory rights of dissenting shareholders to enumerated actions of a corporation and/or its officers and directors." He further alleges that the instant action, a probate appeal, is not a proceeding in which such issues may be adjudicated.
The plaintiff is accurate in his position that defendant Mark Durkin has failed to recognize what content is properly pleaded as a special defense. Practice Book § 10-50 provides that doctrines that defeat a plaintiffs claim must be pleaded as special defenses where the CT Page 5534 applicability of those doctrines must be shown by facts not pleaded in the complaint. That section lists, illustratively, such doctrines as accord and satisfaction, coverture, duress, fraud, release, expiration of the statute of limitation and res judicata. Section 10-50 provides, however, that "advantage may be taken, under a simple denial, of such matters as the statute of frauds, or title in a third person to what the plaintiff sues upon or alleges to be the plaintiffs own." Mark Durkin's legal position that the plaintiff has raised issues beyond the scope of a probate appeal raises an issue of law, not a doctrine based on a factual issue not pleaded in the complaint.
Accordingly, Mark Durkin could have asserted his position either in a motion to strike the portions of the complaint that he alleges are beyond the scope of a probate appeal or by advocating at the conclusion of the trial that the court reject such claims as non-justiciable in a probate appeal.
The plaintiff, however, seems to take the position that because defendant Mark Durkin has pleaded as special defenses legal theories that should not have been asserted in this way, rather than asserting them in a motion to strike the complaint, the merits of these legal issues should be resolved in the plaintiffs favor. The plaintiff cites no support for this unusual construction of the rules of civil pleading, and this court finds that it is not supportable.
Though the material set forth in the two challenged special defenses need not have been pleaded in this manner, the mispleading is harmless. Greater confusion would be caused by striking the defenses as to form, and, as has been stated above, the formal issue should instead have been raised by a request to revise that sought elimination of defenses that were not appropriately pleaded as special defenses pursuant to §10-50.
Conclusion
The motion to strike is denied. This denial does not, of course, establish the validity of the defenses, since the basis of the denial is that Mark Durkin's mispleading should have been challenged by a request to revise, not by a motion to strike.
 ___________________________ Beverly J. Hodgson Date Judge of the Superior Court